IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02611-GPG

PATRICK L. BRENNER,

    Applicant,

v.

EXECUTIVE DIRECTOR OF THE CDOC, and
WARDEN OF COLORADO TERRITORIAL CORRECTIONAL FACILITY,

    Respondents.

## ORDER

Applicant Patrick L. Brenner is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Applicant, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the loss of property and seeking money damages.

On December 2, 2015, the Court instructed Applicant that his attempt to file this action pursuant to 28 U.S.C. § 2241 is improper and that challenges to conditions of confinement are properly pursued in a civil rights action. Applicant was directed to submit his claims and request to proceed pursuant to 28 U.S.C. § 1915 on proper Court-approved forms. On December 21, 2015, rather than comply with the December 2 Order, Applicant filed a Motion to Reply to Court's Order of 12/2/15, ECF No. 5.

In the Motion, Applicant first states that he is "not challenges [sic] of confinement. In stead [sic], he's asking for release, instead he's asking this Court for a review of the

defendant's Administrative actions. See § 46.02 Habeas Corpus." ECF No. 5 at 1. Applicant then asserts that petitions for habeas corpus may be used to seek a review of administrative actions, and a C.R.C.P.R. 106(a)(2) appeal, which he used to challenge the deprivation of his personal property by defendants in state court, is a habeas corpus action. Id.

In a federal district court, "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Applicant relies only on state law for the support of his argument that he is able to challenge the deprivation of his personal property through habeas corpus proceedings. Therefore, Applicant has not provided proper justification for this Court to consider his property claim under § 2241.

Furthermore, "[i]t is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 . . . ." See Standifer v. Ledezma, 653 F.3d 1276, 1280 (10th Cir. 2011). The claims Applicant has asserted clearly involve the conditions of his confinement and not the execution of his sentence. Also, Applicant's assertion in the Motion that he now would like to seek release from prison, rather than compensation for the loss of his property, as he requested in the Application, does not change the nature of this action from a prisoner complaint to a habeas corpus action. It would be very rare, if at all possible, for Applicant to have a remedy in any civil action for release from prison based on the loss of property.

Finally, in the Motion, Applicant asserts he does not desire to file a complaint about prison conditions but only wants to challenge Respondents' violations of administrative regulations. Because Applicant's claims pertain to the violations of the administrative regulations that address the handling, or mishandling, of his property, he is challenging the conditions of his confinement and not the execution of his sentence. Nonetheless, the Court will allow Applicant an extension of time to review this Order and to decide how he would like to proceed in this action.

The Court also notes that Applicant is subject to filing restrictions pursuant to 28 U.S.C. § 1915 with respect to filing civil complaints. In relevant part, § 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Applicant, on three or more prior occasions, has brought an action that was dismissed on the grounds that it was frivolous or failed to state a claim. *Brenner v. Hickenlooper, et al.*, No. 12-cv-02724-LTB (D. Colo. Nov. 26, 2012) (dismissed as legally frivolous and for failure to state claim pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994)), *aff'd*, No. 12-1497 (10th Cir. Feb. 11, 2013) (Tenth Circuit found the district court's dismissal counted as one strike and then assessed a second strike pursuant to 28 U.S.C. § 1915(e)(2)(B) because the appeal like the complaint failed to state a claim); *Brenner v. Erkenbrack, et al.*, No. 07-cv-00419-ZLW (D. Colo. Apr. 19, 2007) (dismissed for failure to state a claim based on *Heck*; counts as one strike).

The Court's § 1915(g) determination in each of the above-noted cases complies with *Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2011); *see also, Smith v. Veterans Admin.*, 636 F.3d 1306, 1312-13 (10th Cir. 2011) ("dismissal of a civil rights suit for damages based on prematurity under *Heck* is for failure to state a claim," and the "dismissal as premature under *Heck* . . . is a strike under § 1915(g)."). Plaintiff is warned that he may not circumvent filing restrictions under § 1915(g) by filing conditions of confinement claims in a §28 U.S.C. § 2241 action. Accordingly, it is

ORDERED that within thirty days Applicant respond and inform the Court how he would like to proceed in this action. It is

FURTHER ORDERED that if Applicant does not respond within thirty days and state to the Court how he would like to proceed with this action, the Court will proceed with addressing the 28 U.S.C. § 2241 action on the merits.

Dated January 7, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge