IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02611-GPG

PATRICK L. BRENNER,

    Applicant,

v.

EXECUTIVE DIRECTOR OF THE CDOC,
WARDEN OF COLORADO TERRITORIAL CORRECTIONAL FACILITY, and
CYNTHIA COFFMAN, The Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

Patrick L. Brenner is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Brenner, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Pursuant to 28 U.S.C. § 2241 challenging the loss of his property while he has been incarcerated.

On December 2, 2015, the Court instructed Mr. Brenner that his attempt to file this action pursuant to 28 U.S.C. § 2241 is improper and that challenges to conditions of confinement are properly pursued in a civil rights action.   Mr. Brenner was directed to submit his claims on proper a Court-approved form.   On December 21, 2015, rather than comply with the December 2 Order, Mr. Brenner filed a Motion to Reply to Court's Order of 12/2/15, ECF No. 5.

In the December 21 Motion, Mr. Brenner first states that he is not challenging the conditions of his confinement, but he is asking this Court to review the State's administrative action relating to the loss of his property and to release him from prison. ECF No. 5 at 1.   Mr. Brenner then asserts that petitions for habeas corpus may be used

to seek a review of administrative actions, and a C.R.C.P.R. 106(a)(2) appeal, which he used to challenge the deprivation of his personal property by defendants, is a habeas corpus action. *Id.* Mr. Brenner further states in the Motion that he does not desire to file a complaint about prison conditions but only wants to challenge Respondents' violations of State administrative regulations. *Id.* at 2.

On January 7, 2016, Magistrate Judge Gordon P. Gallagher entered an order and instructed Mr. Brenner that, because his claims pertain to violations of administrative regulations that address the handling, or mishandling, of his property, he is challenging the conditions of his confinement and not the execution of his sentence. Magistrate Judge Gallagher, however, allowed Mr. Brenner an extension of time to review the January 7 Order and to decide how he would like to proceed. Magistrate Judge Gallagher further noted that Mr. Brenner is subject to filing restrictions pursuant to 28 U.S.C. § 1915 and warned him that he may not circumvent the filing restrictions by filing conditions of confinement claims in a 28 U.S.C. § 2241 action.

On January 25, 2016, Mr. Brenner filed a motion to change the jurisdiction for this action from 28 U.S.C. § 2241 to 28 U.S.C. § 2254 and to request an extension of time to "type the new motion." *See* ECF No. 7. Magistrate Judge Gallagher granted the request for an extension of time. Mr. Brenner then filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and paid the $5 filing fee. In the § 2254 Application, Mr. Brenner challenges the loss of his property and requests that he be reimbursed the total cost of the stolen canteen and property. ECF No. 10.

The Court must construe Mr. Brenner's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not act as an

advocate for a *pro se* litigant.   See *Hall*, 935 F.2d at 1110.   For the reasons stated below, the Court will dismiss the action.

Mr. Brenner has been instructed that his loss of property claims clearly involve the conditions of confinement his confinement and are more properly asserted pursuant to 42 U.S.C. § 1983.   See *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. Aug. 10, 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 . . . .").   Conditions of confinement claims are improperly raised in either a § 2241 action or a § 2254 action.   See *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (challenge to validity of conviction is purpose of a 28 U.S.C. § 2254 action and challenge to execution of a sentence is purpose of a 28 U.S.C. § 2241 action).

Mr. Brenner has stated he does not intend to file a prisoner complaint.   He now has filed a § 2254 Application that addresses his loss of property claim.   Section 2254 does not provide Mr. Brenner with a remedy for the loss of his property.   Furthermore, nothing Mr. Brenner challenges in either the original Application or the Amended Application affects the validity of his conviction.   The Court, therefore, will dismiss this action.

The Court also notes that Mr. Brenner is subject to filing restrictions under 28 U.S.C. § 1915 because he has on three or more prior occasions brought an action that was dismissed on the grounds that it was frivolous or failed to state a claim.   See ECF No. 6 at 3.   By asserting the conditions of confinement claims in this action, Mr. Brenner is attempting to circumvent his filing restrictions.   If Mr. Brenner initiates any subsequent

§ 2241 actions in this Court that are attempts to circumvent his filing restrictions the Court will consider further sanctions against him other than those applicable under § 1915.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Brenner files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 10, and the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, are DENIED, and this case is DISMISSED with prejudice. It is

FURTHER ORDERED that all pending motions are denied as moot. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Brenner has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Dated this __4th__ day of __March__, 2016, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court