IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02611-LTB

PATRICK L. BRENNER,

    Applicant,

v.

EXECUTIVE DIRECTOR OF THE CDOC, and
WARDEN OF COLORADO TERRITORIAL CORRECTIONAL FACILITY,

    Respondents.

## ORDER DENYING MOTION TO RECONSIDER

The matter before the Court is the pleading titled, "Relief from a Judgment Pursuant to U.S.C.S. Fed Rules Civ. Pro R 60(6)," ECF No. 13.   Applicant is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado.   The Court must construe the Motion liberally because Applicant is a *pro se* litigant.   See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   For the reasons stated below, the Court will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."   *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).   A motion to alter or amend the judgment must be filed within

twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider the request for relief pursuant to Rule 59(e) because it was filed within twenty-eight days after this action was dismissed and judgment was entered on March 4, 2016.  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

For the same reasons stated in the March 4, 2016 Order of Dismissal, the Court will deny Applicant's request for relief from judgment.  Applicant fails to demonstrate that the Court misapprehended the facts, his position, or the controlling law and that reinstatement of this action is deserving.  Accordingly, it is

ORDERED that Applicant's "Relief from a Judgment Pursuant to U.S.C.S. Fed Rules Civ. Pro R 60(6)," ECF No. 13, is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this   23rd   day of    March   , 2016.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court